USAO# 2014R00628

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 OCT -1 A 11:10
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | \* |
| v. | CRIMINAL NO. JFM-14-0460 |
| STEPHEN H. SCHAFFNER | (Conspiracy to Sexually Exploit a Child, 18 U.S.C. § 2251(a) and (e); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a) and 2; and Forfeiture, 18 U.S.C. § 2253) |
| Defendant | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
(Conspiracy to Sexually Exploit a Child)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times material to this Indictment:

**The Defendant**

1. Defendant **STEPHEN H. SCHAFFNER** ("**SCHAFFNER**"), age 34, was a resident of Greensboro, Maryland.

2. **SCHAFFNER** was employed by the United States Postal Service, in Denton, Maryland, and by the Hampton Inn in Easton, Maryland.

3. **SCHAFFNER** was a licensed clinical professional counselor in the State of Maryland. **SCHAFFNER's** Maryland license was suspended as of on or about June 20, 2014. **SCHAFFNER** was a licensed associate counselor in the State of Arizona. **SCHAFFNER's** Arizona license expired in 2011.

1

### The Co-Conspirator

4. Michael William Lutts ("Lutts") was a resident of San Diego, California.

5. Lutts was a pediatric nurse at Kaiser Permanente Hospital, in San Diego County, California. Lutts was also a foster parent.

### The Minor Victim

6. Boy 1 was an infant approximately six weeks old. Boy 1 was born prematurely.

7. On or about August 4, 2014, Boy 1 was placed in Lutts' care and custody as a foster child and Lutts brought Boy 1 to his San Diego, California home.

### Apple iPhones and iMessage

8. Apple Inc. ("Apple") is an American multinational corporation that designs, develops, and sells consumer electronics, computer software and personal computers, including the iPhone, a "smart phone" with the capability to function as a telephone, image and video recording device, and includes many, if not all of, the capabilities of a desktop computer.

9. "iMessage" is an Apple propriety messaging platform which allows users of Apple devices to share text, image and video communications. Using the Messages application on any Apple device that uses Apple iOS, such as an iPhone, or Mac OS X, a user can send an iMessage to any other iOS or Mac OS X device. Further, iMessages sent from one Apple device can appear on all other Apple devices that are associated with the same Apple ID, and have activated the Messages application on that device. An iMessage is sent and received based on an Apple ID, but can also be sent based on the user's telephone number, if a telephone number is associated with that device. If an iMessage is sent, the message uses an Internet data connection, whether that connection is provided by the mobile telephone service provider or a Wi-Fi hotspot.

If a data connection is not available to the Apple device, or the Apple device is sending a message to a non-Apple device, the Messages application will default to traditional SMS if possible for delivery of the message.

10. iPhones are manufactured outside the state of Maryland.

11. **SCHAFFNER** and Lutts both used Apple iPhones and communicated with each other using the iOS Messages application.

### Communications between SCHAFFNER and Lutts

12. On or about August 4, 2014, at 7:02 p.m., Lutts, in California, sent a text message to **SCHAFFNER**, in Maryland: "Hey I have a baby for us."

13. At or about 7:24 p.m., on August 4, 2014, Lutts, in Calfornia, sent an image file to **SCHAFFNER**, in Maryland, of Boy 1 wearing a onesie and a hat and covered with a blanket.

14. Between at or about 8:58 p.m. on August 4, 2014, and 2:23 a.m. on August 5, 2014, **SCHAFFNER**, in Maryland, exchanged numerous graphic and sexually explicit messages with Lutts about Lutts engaging in sexually explicit conduct with Boy 1.

15. For example, at or about 8:58 p.m. on August 4, 2014, Lutts, sent **SCHAFFNER**, an image file "IMG_5203.jpg" that depicts Boy 1 wearing a hat and a onesie that is pulled up, exposing the infant's genitals to the camera.

16. At or about 9:21 p.m. on August 4, 2014, **SCHAFFNER** sent a text message to Lutts "God I wish I was there too. I bet his lil dick does taste great." Approximately one minute later, **SCHAFFNER** wrote to Lutts: "That's a hot pic. U should take one with ur dick rubbin on his lil one." Lutts responded, "Ill make any pic u want."

17. At or about 9:25 p.m. on August 4, 2014, Lutts sent **SCHAFFNER** image file "IMG_0997.jpg" that depicts an exposed infant's penis touching an exposed adult penis.

18. At or about 9:59 p.m. on August 4, 2014, Lutts sent **SCHAFFNER** image file "IMG_0288.jpg" that depicts an exposed infant's penis near an exposed adult's penis with the message, "Cries when I suck his dick." In response, at or about 10:00 p.m., **SCHAFFNER** sent a message to Lutts: "Nice pic. That's hot, wish I could hear him cryin while u were suckin on it."

19. At or about 10:22 p.m., on August 4, 2014, Lutts sent **SCHAFFNER** movie file "MOV_8082.mov" that depicts an adult hand touching an infant's penis. As the video progresses the adult performs oral sex on the infant.

20. At or about 10:21 p.m., on August 4, 2014, Lutts sent **SCHAFFNER** movie file "MOV_1099.mov" that depicts an adult hand touching an infant's penis. As the video progresses the adult performs oral sex on the infant.

21. At or about 10:59 p.m., on August 4, 2014, Lutts sent **SCHAFFNER** image file "IMG_0627.jpg" that depicts an adult penis penetrating the mouth of an infant.

22. At or about 11:04 and 11:05 p.m., on August 4, 2014, Lutts sent **SCHAFFNER**, respectively, "IMG_4774.jpg" that depicts an adult penis penetrating the mouth of an infant and "IMG_0183.jpg" that depicts an adult penis touching the mouth of an infant.

23. In response to the image files sent at 11:04 and 11:05 p.m., **SCHAFFNER** sent Lutts an image depicting an exposed erect adult male's penis.

24. At or about 11:51 p.m. on August 4, 2014, **SCHAFFNER** instructed Lutts, "Well get some sleep so u can get that lil fuck toy to the doc tomorrow then start takin some pics n vids to send me tomorrow night."

4

25. At or about 1:38 a.m. on August 5, 2014, Lutts warned **SCHAFFNER** not to tell anybody about what they had done, commenting that "If you chat with anyone they could be an undercover cop setting up a sting." **SCHAFFNER** replied, in part, "We both just have to keep our mouths shut about this kinda stuff with others so we don't get in trouble."

26. At or about 2:15 a.m., on August 5, 2014, Lutts sent **SCHAFFNER** one last movie file "MOV_4708.mov" that depicts an adult penis penetrating the mouth of an infant.

27. At or about 2:17 a.m. on August 5, 2014, **SCHAFFNER** sent a message to Lutts regarding "MOV_4708.mov": "Holy fuck that is amazing."

### Object of the Conspiracy

28. It was the object of the scheme to employ and use Boy 1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

### Manner and Means of the Conspiracy

29. It was part of the conspiracy that **SCHAFFNER** would direct and encourage Lutts to use Boy 1 to produce visual depictions of sexually explicit conduct through iMessage and text messages for the purpose of sharing the visual depictions with **SCHAFFNER** for his own sexual gratification.

30. It was further part of the conspiracy that Lutts would engage in sexually explicit conduct with Boy 1, take photographs and videos of the sexual abuse and send them to **SCHAFFNER** using iMessage and text messages for his own sexual gratification.

### The Charge

31. On or about August 4 and 5, 2014, in the District of Maryland and the Southern District of California, the defendant,

5

## STEPHEN H. SCHAFFNER,

did conspire with Michael William Lutts, to employ and use a minor, that is, Boy 1, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and such visual depictions had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate or foreign commerce, in violation of 18 U.S.C. § 2251(a).

18 U.S.C. § 2251(e)

## COUNTS TWO THROUGH TEN
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 27 of Count One are incorporated here.

2. On or about August 4, 2014, in the District of Maryland, the defendant,

**STEPHEN H. SCHAFFNER,**

did aid, abet, counsel, command, induce and procure Michael William Lutts to employ and use, a minor, that being Boy 1, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and such visual depictions has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate or foreign commerce:

| COUNT | FILE(S) |
|---|---|
| 2 | IMG_5203.jpg |
| 3 | IMG_0997.jpg |
| 4 | IMG_0288.jpg |
| 5 | MOV_8082.mov |
| 6 | MOV_1099.mov |
| 7 | IMG_0627.jpg |
| 8 | IMG_4774.jpg |
| 9 | IMG_0183.jpg |
| 10 | MOV_4708.mov |

18 U.S.C. § 2251(a)
18 U.S.C. § 2

7

## **FORFEITURE**

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendant notice that it will seek forfeiture of property pursuant to Title 18, United States Code, Section 2253 as part of any sentence imposed.

2.  If convicted of any of the offenses set forth in Counts One through Ten, above, the Defendant herein, shall forfeit to the United States all right, title and interest the Defendant has in:

    A.  Any visual depiction described in Title 18, United States Code, Section 2251, 2251A, 2252, 2252A, 2252B or 2260, or any book magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

    B.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and,

    C.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

3.  Such property includes, but is not necessarily limited to, the following:

    A.  All images of child pornography and/or child erotica the defendant acquired through, and/or used to facilitate, his commission of an offense under Title 18, United States Code, Chapter 110;

    B.  All tangible and intangible property rights, including but not limited to copyrights, in all images of child pornography and/or child erotica the defendant acquired

8

through, and/or used to facilitate, his commission of an offense under Title 18, United States Code, Chapter 110;

C. All personal identifiers, including but not limited to, e-mail addresses, user names, and passwords used by the defendant to facilitate his commission of an offense under Title 18, United States Code, Chapter 110, including, but not limited to, personal identifiers used to access online data storage sites where the defendant saved or posted images of child pornography and/or child erotica that the defendant acquired through, and/or used to facilitate, his commission of an offense under Title 18, United States Code, Chapter 110; and,

D. All property seized by law enforcement officers from the defendant, or abandoned by the defendant, used or intended to be used to commit or to promote the commission of the offenses charged in the Indictment, including but not limited to: An Apple iPhone 5, IMEI: 990002861005419;

4. Pursuant to Title 21, United States Code, Section 853(p), through Title 28, United States Code, Section 2461(c), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described above, if by any act or omission of the defendant, the property described above, or any portion thereof:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty.

5. In keeping with the foregoing, it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of all forfeitable property as described above.

*[signature]*
Rod J. Rosenstein
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**
Foreperson

10/1/2014
Date